UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6381 PSG (SSx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | American Contractors Indemnity Co. v. Decal Construction, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     The Court GRANTS the motion to remand

Before the Court is a motion to remand filed by Plaintiff American Contractors Indemnity Company ("Plaintiff"), *see* Dkt. # 17 ("*Mot.*"). Defendants DeCal Construction, LLC, d/b/a Forbes & Kreissler, LLC, Shoaib R. Chatta, and Jawaria S. Chatta ("Defendants") oppose this motion, *see* Dkt. 19 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 20 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiff's motion to remand.

I.     Background

This case arises out of surety bonds Plaintiff issued on behalf of Defendants for a construction project in Kansas City, Missouri. *See Mot.* 2:1–6. On June 22, 2018, Plaintiff filed suit against Defendants in Los Angeles County Superior Court to recover reimbursement for losses, fees, and costs incurred due to Defendants' default on their obligations. *Id.* 2:7–21. Defendants removed the action to this Court on July 24, 2018, asserting diversity jurisdiction.

The surety bonds were issued according to the "General Indemnity Agreement" ("Indemnity Agreement") between Plaintiff and Defendants. *Id.* 1:18–21; *Declaration of Patrick Laverty*, Dkt. # 17-3, Ex. A ("*Agreement*"). The Indemnity Agreement includes a forum selection clause. *See id.* ¶ XX. Plaintiff now moves to remand the action to state court, arguing that the forum selection clause mandates litigation in Plaintiff's choice of venue.

II.     Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6381 PSG (SSx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | American Contractors Indemnity Co. v. Decal Construction, LLC, et al. | | |

§ 1441(a). If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

Even if a court has subject matter jurisdiction over a suit that has been removed, it may remand the suit based on a forum selection clause. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) ("[A] forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as . . . a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)"); *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F. Supp. 2d 1077, 1079–80 (C.D. Cal. 2004) ("The enforcement of a forum selection clause is a proper basis for remanding a removed case to state court"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275, 280 (9th Cir. 1984) (affirming the district court's remand of an action to state court on grounds that a valid and enforceable forum selection clause governed).

III. Discussion

Here, the Indemnity Agreement contains a forum selection clause that states, in relevant part:

> In addition, and without limiting the generality of the foregoing, the Principal and Indemnitor hereby consent to enforcement of this Agreement and submit themselves to personal jurisdiction in the federal and state court located in the County of Los Angeles, State of California, having subject matter jurisdiction over such proceeding. The Principal and Indemnitor irrevocably consent to exclusive jurisdiction and venue in such a court as may be selected by the Surety among the alternative jurisdictions to which the Principal and Indemnitor have consented to submit themselves to personal jurisdiction as set forth above and hereby waive any and all rights to object to such venue and jurisdiction.

*Agreement*, ¶ XX.

Plaintiff urges remand claiming that Defendants waived their right to object to the court chosen by Plaintiff and thus waived their right to remove the case. *Mot.* 4:3–8. Further, Plaintiff contends that Defendants cannot present any countervailing reasons to repudiate the forum selection clause. *Id.* 4:9–11.

Defendants, on the other hand, assert that the forum selection clause was "neither unequivocal or clear" whether it provides that state court retains exclusive jurisdiction and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6381 PSG (SSx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | American Contractors Indemnity Co. v. Decal Construction, LLC, et al. | | |

whether Defendants waived their right to remove to federal court. *Opp.* 3:17–21. Defendants contend that such ambiguity must be construed against the drafter and therefore the case should not be remanded. *Id.* 4:21–22.

      A.      <u>Whether the Forum Selection Clause Requires Remand</u>

Courts have distinguished permissive forum selection clauses from mandatory ones. "In the former, the parties agree that jurisdiction and venue would be proper in a particular form; in the latter, they agree the suit is only proper in that forum." *Wu v. Sunrider Corp.*, No. CV 17-4825 DSF (SSx), 2017 WL 3475665, at *1 (C.D. Cal. Aug. 11, 2017) (citations omitted). Here, the forum selection clause contains mandatory language. *See Agreement* ¶ XX (both parties "*irrevocably consent* to *exclusive* jurisdiction and venue in such court") (emphasis added). The cases Defendants cite are readily distinguishable. In *Northern California District Council of Labors v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995) and *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987), the Ninth Circuit held that phrases "shall have jurisdiction" and "shall be enforceable," respectively, were insufficient to be considered mandatory. Here, phrases "irrevocably consent" and "exclusive jurisdiction and venue" clearly suggest that the forum selection clause is meant to be mandatory. *See Agreement* ¶ XX.

Pointing to the language "[Defendants] hereby consent to enforcement of this Agreement and submit themselves to personal jurisdiction in the federal and state court located in the County of Los Angeles, State of California," Defendants argue that the forum selection clause should be interpreted to provide for "a concurrent right to have a dispute litigated in either the State <u>or</u> Federal Court." *Opp.* 4:20–21 (emphasis in original). Plaintiff contends that the forum selection clause requires Defendants to subject to Plaintiff's choice of jurisdiction and venue. *Reply* 4:5–9.

The Court agrees with Plaintiff. Immediately following the language Defendants rely on, the forum selection clause states that Defendants "irrevocably consent to the exclusive jurisdiction and venue in such court *as may be selected by the Surety*." *Agreement* ¶ XX. This suit was filed in Los Angeles County Superior Court, one of the courts to whose "exclusive jurisdiction and venue" Defendants agreed to "irrevocably consent." *Id.*; *see also Bastami v. Semiconductor Components Industries, LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *6 (N.D. Cal. Apr. 13, 2017). Therefore, because Plaintiff commenced this suit in state court, and Defendant consented to that court's exclusive jurisdiction, removal is improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6381 PSG (SSx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | American Contractors Indemnity Co. v. Decal Construction, LLC, et al. | | |

What's more, the forum selection clause also plainly states that Defendants "hereby *waive* any and all rights to object to such venue and jurisdiction." *Id.* (emphasis added). Contrary to Defendants' contention, the language is clear. Defendants are barred from "objecting" to Plaintiff's choice of venue by filing a Notice of Removal.

### B. Whether the Forum Selection Clause Should Be Enforced

Forum selection clauses are presumptively valid and enforceable, unless the party challenging the clause shows that enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

Although Defendants seem to briefly suggest that the forum selection clause is unfair by referring it to as an "adhesion contract," *Opp.* 4:22, they do not squarely question the enforceability of the forum selection clause. Plaintiffs, on the other hand, argue that Defendants cannot make a showing of fraud, undue influence, overwhelming bargaining power, or serious inconvenience in litigating. *Mot.* 4:12–5:15. Arguments to which no response is supplied are deemed conceded. *See, e.g., Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Therefore, Defendants conceded that the clause is enforceable.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's motion to remand. The action is **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.